IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JOSEPH ANDERSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 4:14CV00345-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Anthony Anderson, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On December 21, 2011, Mr. Anderson protectively filed for benefits due to back and neck pain, bone spurs, bulging discs, arthritis, COPD, diabetes, high blood pressure, enlarged heart, and peripheral neuropathy. (Tr. 138) His claims were denied initially and upon reconsideration. At Mr. Anderson's request, an Administrative Law Judge ("ALJ") held a hearing on April 16, 2013, where Mr. Anderson appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Anderson and a vocational expert ("VE"). (Tr. 39-57) Mr. Anderson, who was forty-seven years old at the time of the hearing, has a GED and past relevant work experience as a craft foreman. (Tr. 52)

The ALJ issued a decision on June 28, 2013, finding that Mr. Anderson was not disabled under the Act. (Tr. 12-26) The Appeals Council denied Mr. Anderson's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Anderson had not engaged in substantial gainful activity from the alleged onset date of August 18, 2010, through his date last insured of September 30, 2011, and he had the following severe impairments: gastro-esophageal reflux disease (GERD), diabetes mellitus, degenerative disc disease of the back and neck, obesity, possible cardiomegaly, carpal tunnel (post-operative), COPD, and hypertension. (Tr. 14) However, the ALJ found that Mr. Anderson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Mr. Anderson has the residual functional capacity ("RFC") to do light work, but he can only occasionally stoop, crouch, crawl, or kneel; cannot work around temperature extremes or respiratory irritants; and can do no rapid, repetitive flexion or extension of the wrists bilaterally. (*Id.*) The VE testified that the jobs available with these limitations were child attendant and price tagger. (Tr. 53-54) Accordingly, the ALJ determined that Mr. Anderson could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.     Mr. Anderson's Arguments for Reversal**

Mr. Anderson asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. He argues that he has had chronic back and neck pain since 2007, and relies on several objective medical records. But the medical records are all subsequent to his date last insured. To be entitled to disability benefits, Mr. Anderson must establish that he was disabled no later than the date his insured status expired - September 30, 2011.[6] The ALJ correctly noted that between 2007 and the date last insured, the records are for "mostly routine visits for such things as dental pain, laboratory testing, mild gastritis, and [to] refill prescriptions." (Tr. 18) Notably, Plaintiff makes no argument – nor points to any evidence – to the contrary.

On August 25, 2010, Mr. Anderson reported neck and back pain. (Tr. 246) He was given medication and diagnostic studies were recommended. Yet, Mr. Anderson did not get an MRI until October 24, 2011, nearly a month after the date last insured. (Tr. 218) Mr. Anderson contends that

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998) ("In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status.").

the ALJ should not have considered the delay in getting diagnostic studies, because he "did not have the funds for these studies to be performed." (Doc. No. 18)  First, Mr. Anderson had no issues obtaining other medical treatment during the time period.  Second, Mr. Anderson was a smoker, and had been for the previous twenty-one years. (Tr. 244)  Though he eventually quit smoking, it was an expensive, ongoing habit that can be considered when weighing his credibility.  Additionally, it is a habit that directly exacerbated many of his medical conditions.[7]

Though the MRI revealed there "may be an impingement of the CR nerve root," the ALJ properly found that there was "no objective evidence of severe back limitations" before the date last insured. (Tr. 19, 218)  For example, notes from both May and September 2011 indicated "normal range of motion" in the neck and normal gait. (Tr. 272-273, 282)

On August 25, 2010, Mr. Anderson's doctor recommended he lose weight, yet a year later he weighed four pounds (326 pounds) more. (Tr. 237, 246)  The fact that Mr. Anderson failed to follow his doctors' treatment plan – and his weight directly affects some of his impairments – weighs against the credibility of the severity of his impairments.[8]

The ALJ recognized that in September 2011, Mr. Anderson was diagnosed with GERD and diabetes, but both impairments are "fairly well controlled with medication and respond readily to minimal intervention." (Tr. 18)  "An impairment which can be controlled by treatment or medication is not considered disabling."[9]

---

[7]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

[8]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[9]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The ALJ also noted that Plaintiff's submitted list of medications is from 2012 to present, which is after the date last insured. In fact, Mr. Anderson testified that several of the medications he used were prescribed only within the previous year. (Tr. 45-46) More importantly, the ALJ properly recognized that the medications appear to control his impairments.

Finally, contrary to the later limitations alleged, in September 2011, he reported that he was walking two to three miles a day. (Tr. 236) The ability to walk and stand for this long period, along with the other evidence, bolstered the ALJ's finding that Mr. Anderson was capable of light work with some restrictions.

While there may be evidence that Mr. Anderson has limitations related to his impairments, the ALJ's finding that he could perform light work during the relevant time period is supported by the record.[10] It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[11] The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[12]

**IV.    CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the

---

[10]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[11]*E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[12]*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

record as a whole to support the Commissioner's decision.

THEREFORE, the Court affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 26th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE